# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

ADP, Inc.
a Delaware corporation
   Plaintiff,

vs.

NATIONAL MERCHANT ALLIANCE, LLC
A Nevada limited liability company,
   Defendant.

Case No. 1:12-cv-00392-PAB-MJW

## ORDER (Docket No. 1)

Before the Court is the Motion to Quash filed by Mercury Payment Systems, LLC ("MPS"), seeking to quash the Subpoena for Records and Notice of Intent to Take Deposition on Written Questions served on it by National Merchant Alliance, LLC ("NMA"). MPS and NMA have represented to the Court that they have reached an agreement concerning the motion to quash. The Court enters this Order based upon that agreement.

IT IS THEREFORE ORDERED that the Motion to Quash filed by MPS is hereby GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that MPS shall respond to the Subpoena for Records and Notice of Intent to Take Deposition on Written Questions not later than April 30, 2012, subject to the limitations set forth below in this Order.

IT IS FURTHER ORDERED that the definition of "NMA Clients" contained in the Subpoena for Records and Notice of Intent to Take Deposition on Written Questions is modified as follows: "'NMA Clients' means the entities listed on Exhibit A to this Subpoena for Records and Notice of Intent to Take Deposition on Written Questions."

IT IS FURTHER ORDERED that the definition of "Plaintiff" and "ADP" contained in the Subpoena for Records and Notice of Intent to Take Deposition on Written Questions is modified as follows: "'Plaintiff' and/or 'ADP' refers to the Lightspeed division of ADP, Inc., and any other person or entity acting on its behalf."

IT IS FURTHER ORDERED that Mercury shall, not later than April 30, 2012, produce all items requested by the Subpoena for Records and Notice of Intent to Take Deposition on Written Questions that are or were, as of January 30, 2012, contained on Mercury's servers, the computers of Mercury representatives, in Mercury's paper files, or in any other location within Mercury's custody or control other than Mercury's back up media.

IT IS FURTHER ORDERED that Mercury shall, not later than April 30, 2012, answer the deposition on written questions contained in the Subpoena for Records and Notice of Intent to Take Deposition on Written Questions.

IT IS FURTHER ORDERED that Mercury shall provide to NMA, not later than April 30, 2012, a privilege log that meets the requirements of Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure, in the event that Mercury withholds any responsive documents based upon any claim of privilege.

IT IS FURTHER ORDERED that NMA shall be entitled to retain a third-party electronic discovery provider, subject to Mercury's agreement which will not be withheld unreasonably, to conduct further review of Mercury's backup media. Mercury shall have 14 days to review any potentially responsive documents recovered by the third party provider, produce all responsive documents to NMA, and provide a privilege log as indicated above. NMA shall be responsible for the cost of the third party provider.

IT IS FURTHER ORDERED that the Protective Order signed by United States District Judge Lee Yeakel on July 15, 2011 in the underlying lawsuit, styled *ADP, Inc., a Delaware corporation, Plaintiff, vs. National Merchant Alliance, LLC, a Nevada limited liability company, Defendant*; in the United States District Court for the Western District of Texas, Austin division, Case No. 1:11-CV-00361, shall apply to all production and other proceedings in connection with this Order.

SIGNED on this 12TH day of MARCH, 2012.

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

AGREED AS TO FORM AND SUBSTANCE:

Patrick K. A. Elkins
Counsel for Mercury Payment Systems, LLC

~~Emily Frost~~ Michael Lovins
Counsel for National Merchant Alliance, LLC